IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 27 2002

JAMES W. McCORMACK, CLE
By:_____ DEP CLE

BETTY McQUAY, JEFF GIBBS,
YOLANDA SIMMONS, CATHERINE
ECKELKAMP, DAN RAY, individually
and on behalf of others similarly situated,

Plaintiffs,

v.

AMERICAN INTERNATIONAL
GROUP, INC, AIG CLAIM SERVICES,
INC., and Does 1 through 5,

Defendants.

Case No. 4:01-CV-00661

Judge Wilson

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**I.   INTRODUCTION**

This Court should deny Defendants' Motion to Dismiss ("Defendants' motion") because Defendants' motion is premised on a misconstruction of Plaintiffs' Amended and Substituted Complaint ("Complaint"). Plaintiffs' Complaint properly alleges one statutory legal claim and four equitable claims. Plaintiffs' First Cause of Action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Plaintiffs' Second through Fourth Causes of Action, respectively, seek the equitable remedies of Declaratory Relief, an Accounting, and Injunctive Relief. Defendants move to dismiss Plaintiffs' second, third, and fourth claims based solely on Defendants' erroneous contention that Plaintiffs' equitable claims are brought under the FLSA. Defendants are wrong. Plaintiffs' second through fourth causes of action are brought under this Court's equity powers. Because Plaintiffs do not allege their equitable claims under the FLSA, Defendants' motion should be denied forthwith.

**II.   FACTUAL BACKGROUND**

On September 25, 2001 Plaintiffs Betty McQuay, Jeff Gibbs, Yolanda Simmons, Catherine Eckelkamp, and Dan Ray, on behalf of themselves and all others similarly situated,

filed their Amended and Substituted Complaint ("Complaint") as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), seeking overtime compensation at the rate of one and one-half times their regular rate of pay for all work performed in excess of eight hours per day and/or forty hours per work week (Count I). Plaintiffs also seek equitable relief in the form of a declaration from this Court declaring that Defendants' alleged practices are unlawful (Count II); an accounting against Defendants of the amount of unpaid overtime compensation and statutory interest and penalties due Plaintiffs and all others similarly situated (Count III); and an injunction enjoining Defendants from practicing the alleged unlawful employment practices (Count IV). Counts two through four are not brought under the FLSA.

Plaintiffs are current and former employees of Defendants who work or worked as senior claims representatives and/or claims representatives for Defendants. Plaintiffs allege that Defendants have engaged in a regular practice of requiring or permitting Plaintiffs and all others similarly situated to work in excess of eight hours per day and/or forty hours per workweek. According to Plaintiffs, Defendants' practice permits or requires Plaintiffs to work between fifty and sixty or more hours per week. Plaintiffs contend that at least during the period beginning September 25, 1998, Defendants nationwide in this capacity have employed hundreds of similarly situated employees. Plaintiffs allege they are or were employees of Defendants and that they have been entitled to overtime compensation because they and all others similarly situated are not exempt from overtime compensation under the FLSA.

## III. ARGUMENT

### A. Plaintiffs Have Satisfied Rule 12 And Have Properly Plead All Counts In Their Complaint.

The standard that a district court must apply in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is well settled.[1] Stifel, Nicolaus & Co., Inc. v. Dain, Kalman & Quail, Inc., 578 F.2d 1256, 1260 (8th Cir. 1978). Such a motion to dismiss fails unless the moving party has shown that it is beyond doubt that there exists no set of facts that the Plaintiffs may prove which would entitle them to relief. Conley v.

---

[1] Defendants do not challenge the sufficiency of the pleadings.

Gibson, 355 U.S. 41, 45-46 (1957). Defendants have not satisfied their high burden.

### B.   Plaintiffs' Equitable Claims Are Not Brought Under The FLSA.

Plaintiffs' only claim alleged under the Fair Labor Standards Act is their first claim for relief. Defendants do not move to dismiss Plaintiffs' FLSA cause of action. Plaintiffs' claims seeking declaratory relief, an accounting, and injunctive relief are alleged under the equity powers of this Court. Defendants' two-page brief in support of their motion to dismiss is entirely premised on an incorrect construction of Plaintiffs' Complaint. Defendants contend that the FLSA does not permit Plaintiffs' equitable remedies to be brought under that statute. See Defendants' Brief In Support Of Motion To Dismiss ("Defendants' brief"), at p. 1.[2] Plaintiffs, however, do not allege their equitable claims pursuant to the FLSA, and nothing in Plaintiffs' Complaint suggests otherwise.[3]

### C.   Plaintiffs May Seek Legal And Equitable Claims

Plaintiffs may simultaneously seek federal overtime compensation pursuant to the FLSA and non-FLSA equitable claims. This Court is empowered to hear legal and equitable claims. Indeed, by the express provisions of the federal Declaratory Judgment Act ("DJA"), 28 U.S.C.A. §§ 2201-2202, this Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201.[4] The existence of other adequate remedies does not preclude declaratory or other equitable relief.

The Eighth Circuit has recognized that private party Plaintiffs may seek equitable remedies such as declaratory relief where entitlement to overtime benefits under the FLSA are sought. See McDonnell v. City of Omaha, 999 F.2d 293, 294 (8th Cir. 1993). Similarly, private

---

[2] Defendants also erroneously contend that Plaintiffs' claim for overtime compensation under the FLSA is brought pursuant to § 206 of the statute. See Defendants' Brief, at p. 1. As is plainly set forth in Plaintiffs' Complaint, Plaintiffs' claim seeking unpaid federal overtime compensation is alleged pursuant to § 207. See Complaint, at ¶ 1, and First Cause of Action.

[3] Notwithstanding Defendants' assertions to the contrary, § 216(b) does expressly authorize private party Plaintiffs to bring an action for equitable relief under certain circumstances. 29 U.S.C. § 216(b). At this time, Plaintiffs' equitable claims are not brought under this section.

[4] Plaintiffs' Second Cause of Action for Declaratory Relief Against Defendants does not reference the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201-2202, however, Plaintiffs' averments satisfy Rule 8's short and plain statement requirement. Plaintiffs would amend the Complaint to make reference to the DJA if the Court deems it necessary.

party Plaintiffs are entitled to simultaneously allege legal claims under the FLSA and equitable claims pursuant to a district court's equitable jurisdiction. See Hergenreter v. City of Fort Dodge, Iowa, 987 F. Supp. 1141, 1142-1143 (N.D. Iowa 1997) (alleging statutory counts under the FLSA and also seeking attorneys' fees and declaratory and injunctive relief); Arnold v. State of Arkansas, 910 F. Supp. 1385, 1390 (E.D. Ark. 1995) (in an action seeking damages under FLSA, declaratory and injunctive relief may have been appropriate had Plaintiffs alleged continuing FLSA violation). Consequently, Plaintiffs' complaint properly alleges damages pursuant to the FLSA and equitable remedies pursuant to this Court's equitable powers.

Defendants' reliance on Barrentine v. Arkansas-Best Freight System, Inc., 750 F.2d 47 (8th Cir. 1984), is of no consequence. In Barrentine, the Eighth Circuit recognized that under the statutory "scheme" of the FLSA, "an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations." Id. at 51. Nothing in Barrentine suggests that aggrieved private parties may not simultaneously seek legal relief pursuant to the FLSA and equitable relief pursuant to the equity powers of a district court.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

Dated: February 27, 2002

BETTY McQUAY, JEFF GIBBS,
YOLANDA SIMMONS, CATHERINE
ECKELKAMP, & DAN RAY,

By: /s/ Robert A. Russell, Jr.
Robert A. Russell, Jr. ABA #90 124

ROBERTS, ROBERTS, & RUSSELL, P.A.
200 Lyon Bldg.
401 W. Capitol
Little Rock, Ark 72201

Thomas P. Thrash
THRASH LAW FIRM
1101 Garland Street
Little Rock, AR 72201-1214

John W. "Don" Barrett
BARRETT LAW OFFICE
P.O. Box 987
Lexington, MS 37203

Charles Barrett
BARRETT LAW OFFICE
3319 West End Avenue, Ste. 600
Nashville, TN 37203

Elizabeth Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been provided, via U.S. Mail, to Kathlyn Graves, WRIGHT, LINDSEY & JENNINGS, L.L.P., 200 West Capitol Avenue, Suite 2200, Little Rock, AR 72201 on this 27th day of February 2002.

_____
Robert A. Russell, Jr.